UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PHILIP STAMM, Individually And On Behalf Of All
Other Similarly Situated,

                Plaintiffs,

                    vs.

MY PILLOW, INC. a Minnesota Corporation, a/k/a MY
PILLOW DIRECT LLC,

                Defendant.
-----------------------------------------------------------------------X

**Action No.: 1:17-cv-2769**

**NOTICE OF REMOVAL**
UNDER CLASS ACTION
FAIRNESS ACT (U.S.C. 28
§§ 1332, 1446, AND 1453)

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.**

    **PLEASE TAKE NOTICE** that Defendant My Pillow, Inc. ("My Pillow"), through its undersigned counsel, Carroll, McNulty & Kull LLC, hereby removes the above-captioned action from the New York Supreme Court, County of New York (Index No. 65417/2017), to the United States District Court for the Southern District of New York, by filing of this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York.  In support of this Notice of Removal, My Pillow states:

    1.    On or about March 21, 2017, plaintiff Philip Stamm ("Plaintiff") commenced this putative class action against My Pillow by filing a Class Action Complaint ("Complaint") in New York Supreme Court, County of New York (the State Court Action").  Index No. 651472/2017 has been assigned to the State Court Action. The Complaint contains three counts, for: (1) alleged violations of New York General Business Law §349; (2) Fraud/Deceit; and (3) Unjust Enrichment.

2.      The U.S. Supreme Court recently affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove.  That is, a defendant need only file in the federal forum, a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 21 547, 553 (2014) (citing 28 U.S.C. §1446(a)).

3.      As set out more fully below, this putative class action as alleged in the Complaint is properly removed to this Court under 28 U.S.C. § 1441 and 1446 because My Pillow has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## I.      THE REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET.

4.      *Timeliness*. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. §1446(b).  My Pillow received a copy of the Complaint on March 29, 2017.  As such, the deadline to remove this case is April 28, 2017.  Because this Notice of Removal is filed in advance of April 28, 2017, it is timely filed under 28 U.S.C. § 1446(b).

5.      *Removal to Proper Court*.  The New York Supreme Court, County of New York is located in the United States District Court for the Southern District of New York. Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

6.      *Procedural Requirements*. Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the

state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as Exhibit A.  As required by 28 U.S.C. § 1446(d), My Pillow will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

7.      No previous application has been made for the relief requested herein.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

8.      This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9.      As set forth below, this is a putative class action in which **(1)** there are alleged to be more 100 or more members in the proposed putative class; (2) at least some members of the proposed class have a different citizenship from My Pillow; and (3) the aggregate amount in controversy exceeds $5 million.  Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

### A.    Diversity of Citizenship

10.     Plaintiff is, and was, at all relevant times a citizen of New York residing in New York. Ex. A., Compl. At ¶3. Plaintiff brings this suit on behalf of a putative Nationwide Class consisting of: "All persons who (1) attempted to purchase My Pillow pillows from Defendant using a BOGO promo code; (2) who were not successful in completing a purchase of My Pillow pillows using the BOGO promo code; and (3) who were instead redirected to a different promo code which did not honor the BOGO advertised price, resulting in a higher charge to the consumer than advertised" and a New York Subclass consisting of: "All citizens of the State of New York who (1) attempted to

purchase My Pillow pillows from Defendant using a BOGO promo code; (2) who were not successful in completing a purchase of My Pillow pillows using the BOGO promo code; and (3) who were instead redirected to a different promo code which did not honor the BOGO advertised price, resulting in a higher charge to the consumer than advertised

*Id.* Compl. at ¶18-19(a)-(b).

11.    A corporation like My Pillow is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Here, My Pillow is incorporated and has its principal place of business in the state of Minnesota. *See* Ex. A, Comp. at, ¶4.

12.    Therefore, at least one member of the Plaintiff's proposed class is a citizen of a state different from My Pillow's state of citizenship.

13.    The diversity of citizenship between Plaintiff (New York) and My Pillow (Minnesota) satisfies the minimal-diversity requirement of CAFA, which requires only that the citizenship of "any member of a class" be diverse from "any defendant." 28 U.S.C. § 1332(d)(2)(A).  Because the named plaintiff is a New York resident, and My Pillow's a citizen of Minnesota, the minimal-diversity requirement under CAFA is met.

   **B.    Class Action Consisting of More than 100 Members.**

14.    Plaintiff purports to represent a "Nationwide Class" and a "New York Subclass" defined as follows:

(a) The "Nationwide Class" is defined as:

All persons who (1) attempted to purchase My Pillow pillows from Defendant using a BOGO promo code; (2) who were not successful in completing a purchase of My Pillow pillows using the BOGO promo code; and (3) who were instead redirected to a different promo code which did not honor the BOGO advertised price, resulting in a higher charge to the consumer than advertised.

4

(b)  The "New York Subclass" is defined as:

> All citizens of the State of New York who (1) attempted to purchase My Pillow pillows from Defendant using a BOGO promo code; (2) who were not successful in completing a purchase of My Pillow pillows using the BOGO promo code; and (3) who were instead redirected to a different promo code which did not honor the BOGO advertised price, resulting in a higher charge to the consumer than advertised.

Ex. A. Compl. at ¶19

15.    Plaintiff asserts that "[t]he exact number of members of the Nationwide Class and New York Subclass are believed to be so numerous that joinder of all members into one action, or into an individual statewide action is impractical" and that "[u]pon information and belief, the Nationwide Class consists of hundreds of thousands of members, and the New York Subclass consists of thousands of members." *Id.* Compl. at ¶21.    Moreover, My Pillow's direct sales records indicate that its direct sales to consumers in New York State alone, exceeds 100 consumers during the class period alleged in the Complaint.

16.    Based upon these allegations, the aggregate number of class members in Plaintiff's proposed class is far greater than 100 for purposes of 28 U.S.C. §1332(d)(5)(B).

**C.    The Amount-in-Controversy Requirement Is Satisfied**

17.    As set forth herein, the aggregate amount-in-controversy, exclusive of interests and costs, exceeds the $5,000,000 jurisdictional minimum under CAFA. 28 U.S.C. §§ 1332(d)(2), 1332(d)(6).

18.    In an attempt to avoid federal jurisdiction, Plaintiff improperly attempts to bind absent class members by pleading that the amount in controversy is less than $5,000,000.  Such stipulation is of no significance as the U.S. Supreme Court has held a

class representative plaintiff cannot bind the absent putative class to with a pre-certification stipulation in a complaint to amounts at issue that fall below the CAFA jurisdictional requirements. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347, 185 L. Ed. 2d 439 (2013). And while My Pillow disputes that the proposed class could ever be certified or that My Pillow is liable for any of the claims Plaintiff asserts in the Complaint, the putative class size, coupled with the following claims for relief as alleged in the Complaint, make clear CAFA's jurisdictional amount in controversy requirement is easily met. Plaintiff seeks, in relevant part, the following relief on behalf of the putative Nationwide and New York classes:

   a.   Statutory and Actual Damages. Ex. A. Compl., Prayer;

   b.   Disgorgement. *Id*. Compl., Prayer;

   c.   Restitution. *Id*. Compl., Prayer;

   d.   Punitive Damages. *Id*. Compl., Prayer;

   e.   Attorneys' Fees and Costs. Compl., Prayer;

   f.   Injunction. Compl., Prayer.

   19.   Plaintiff alleges he paid approximately $125.15 for the pillows at issue. *Id.* Compl. at ¶16. And because the putative nationwide class here includes "hundreds of thousands" of members and the New York subclass includes "thousands of members" (Compl. at ¶21), the amount in controversy requirement would be met if plaintiff prevails on this class wide restitution/disgorgement claim alone ($125.15 x 200,000 class members) This estimation does not include Plaintiff's other claims for relief, such as

punitive damages, statutory damages, or attorneys' fees, all of which could easily increase the amount in controversy.[1]

20.    By filing this Notice, My Pillow does not waive any defenses that may be available to it, and My Pillow reserves the right to amend or supplement this Notice.

Thus, My Pillow respectfully requests removal of this action from New York Supreme Court, County of New York, bearing Index No. 651472/2017, to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: New York, New York
        April 17, 2017

                                    CARROLL McNULTY & KULL LLC

                                    _____
                                    Michael J. Tricarico (MT-5332)
                                    Douglas J. Steinke (DS-9987)
                                    570 Lexington Avenue, 8th Floor
                                    New York, New York 10022
                                    (212) 252-0004
                                    *Attorneys for Defendant My Pillow, Inc. a Minnesota Corporation, a/k/a My Pillow Direct LLC*

---

[1]  My Pillow reserves all defenses, denies all liability and contends that Plaintiff's allegations are meritless.